Archibald C. Wemple, J.
On a snowy night, January 22, 1962, the defendant was apprehended in the City of Schenectady by an officer of the Town of Niskayuna who charged the defendant with operating his car in the Town of Niskayuna on Route 5 at or near Balltown Road for a distance of more than half a mile at a rate of speed of over 50 miles per hour in a 40-mile-per-hour zone. On the trial the People introduced the testimony of the arresting officer who stated he clocked the defendant at 56 miles per hour by use of a device installed in the police car for a distance of about one fifth of a mile and that he arrested the defendant about seven fifths to four fifths of a mile from the point where he energized the clock. The second witness for the People testified that he observed the defendant’s car in motion and the follow-up of the police car. As a third witness the People introduced a State Trooper who had made a calibration of the speed of the police car on October 10, 1961, a period of some two months previous to the arrest.
As a part of his appeal the defendant contends that the presiding Justice committed errors in accepting at face value the arresting officer’s testimony without taking into consideration matters brought out on cross-examination, that experts were offered in evidence improperly, and that the presiding Justice ignored the basic principle of criminal law, to wit, that a defendant is presumed to be innocent and that the burden of proof must be sustained by the People beyond a reasonable doubt.
A reading of the testimony of the trial does not bear out any of the errors alleged in the defendant’s affidavit. The Trial Justice based the verdict upon credible evidence and it is here found that the proof of guilt reached that degree which may be defined as ‘ ‘ beyond a reasonable doubt ’ ’. There is nothing in the record to indicate that the Trial Justice placed responsibility upon the defendant to prove his innocence. Both by use of a clocking device and the expression of the opinion of the arresting officer, the Trial Justice was justified in finding that the defendant was exceeding the speed limit just previous to his apprehension. The proof of the speed limit at the time and place of the arrest and the proof of the testing of the clocking device were both clear and convincing. Judgment of conviction affirmed.